1  **BERNSTEIN LITOWITZ BERGER**
     **& GROSSMANN LLP**
2  JONATHAN D. USLANER (Bar No. 256898)
   jonathanu@blbglaw.com
3  2121 Avenue of the Stars, Suite 2575
   Los Angeles, CA 90067
4  Tel:    (310) 819-3470

5  *Counsel for Plaintiff Retail Wholesale*
   *Department Store Union Local 338*
6  *Retirement Fund*

7  [Additional counsel appear on signature page.]

8

9              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
10                    **WESTERN DIVISION**

11 | RETAIL WHOLESALE | Case No. 2:23-cv-03602 MWF (AGRx)
   | DEPARTMENT STORE UNION
12 | LOCAL 338 RETIREMENT FUND, on | **MEMORANDUM OF POINTS AND**
   | behalf of itself and all others similarly | **AUTHORITIES IN SUPPORT OF**
13 | situated, | **THE MOTION OF RETAIL**
   |                                       | **WHOLESALE DEPARTMENT**
14 |           Plaintiff, | **STORE UNION LOCAL 338**
   |                                       | **RETIREMENT FUND FOR**
15 |        v. | **APPOINTMENT AS LEAD**
   |                                       | **PLAINTIFF AND APPROVAL OF**
16 | BEYOND MEAT, INC., ETHAN | **ITS SELECTION OF LEAD**
   | WALDEN BROWN, MARK J. | **COUNSEL**
17 | NELSON, and PHILLIP E. HARDIN,
   |                                       | Date: August 7, 2023
18 |           Defendants. | Time: 10:00 a.m.
   |                                       | Courtroom: 5A
19 |                                       | Judge: Hon. Michael W. Fitzgerald

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………ii

I.      PRELIMINARY STATEMENT ........................................................1

II.     SUMMARY OF THE ACTION.........................................................3

III.    ARGUMENT.....................................................................................5

      A.      Local 338 Is The Most Adequate Plaintiff............................5

          1.      Local 338's Motion Is Timely ....................................5

          2.      Local 338 Has The Largest Financial Interest In
               The Relief Sought By The Class.................................5

          3.      Local 338 Otherwise Satisfies The Requirements
               Of Rule 23 ..................................................................6

      B.      Local 338 Selected Well-Qualified Lead Counsel To
          Represent The Class ...............................................................8

IV.     CONCLUSION...............................................................................10

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR APPOINTMENT
AS LEAD PLAINTIFF
Case No. 2:23-cv-03602 MWF (AGRx)

# TABLE OF AUTHORITIES

CASES                                                                    PAGE(S)

*Ashraf v. Miniso Grp. Holding Ltd.*,
    2022 WL 19333267 (C.D. Cal. Nov. 8, 2022) ....................................7

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) .................................................5

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
    586 F.3d 703 (9th Cir. 2009) .................................................8

*Lloyd v. CVB Fin. Corp.*,
    2011 WL 13128303 (C.D. Cal. Jan. 21, 2011) ................................7

*Roberti v. OSI Sys., Inc.*,
    2014 WL 12845727 (C.D. Cal. Mar. 17, 2014) ................................6

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
    2021 WL 1540996 (N.D. Cal. Apr. 20, 2021) ..................................10

*Shreves v. Xunlei Ltd.*,
    2015 WL 5446935 (C.D. Cal. Sept. 15, 2015) ...............................6

STATUTES

15 U.S.C. § 78u-4 *et seq.* .................................................*passim*

OTHER AUTHORITIES

Fed. R. Civ. P. 23(a)(4) .......................................................7

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ...........8

Retail Wholesale Department Store Union Local 338 Retirement Fund ("Local 338") respectfully submits this memorandum of points and authorities in support of its motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for entry of an order: (1) appointing Local 338 as Lead Plaintiff; (2) approving Local 338's selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") to serve as Lead Counsel for the Class; and (3) granting any such further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

On May 11, 2023, Local 338, through its counsel Bernstein Litowitz, filed the above-captioned securities class action on behalf of purchasers of Beyond Meat, Inc. ("Beyond Meat" or the "Company") common stock between May 5, 2020 and October 13, 2022, inclusive (the "Class Period").  This action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Beyond Meat and certain of the Company's current and former senior executives (collectively, "Defendants").  Specifically, the action alleges that, throughout the Class Period, Defendants made numerous materially false and misleading statements concerning the Company's ability to produce plant-based meats at commercial scale, repeatedly touted the success of the Company's product tests with numerous high-profile partnerships, and blamed delays in launching those partnerships on Covid-19.  Beyond Meat investors, including Local 338, incurred significant losses when a series of disclosures revealed that the Company was experiencing rising expenses and inventories, including a $1.8 million inventory write-off, ongoing scaling problems and deteriorating relationships with its potential partners, and the abrupt departure of several of its top executives.

The PSLRA provides that the "most adequate plaintiff" is to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, the most adequate plaintiff is the movant with the "largest financial interest" in the relief sought by the Class in this litigation and that also makes a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Local 338 is the "most adequate plaintiff" by virtue of, among other things, the approximately $2.7 million in losses it incurred on its purchases of more than 43,000 shares of Beyond Meat common stock during the Class Period.[1]

In addition to asserting the largest financial interest, Local 338 readily satisfies the relevant requirements of Rule 23 because its claims are typical of those of all members of the Class and it will fairly and adequately represent the interests of the Class. Local 338 is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor with a significant financial interest in the litigation, and has prior experience serving as a lead plaintiff in securities class action litigation and supervising the work of outside counsel. Further, Local 338 fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and it is willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action. Indeed, Local 338 has already demonstrated its commitment and ability to effectively prosecute this action, including through its filing of the only complaint asserting these claims against Defendants. Accordingly, Local 338 has both the incentive and proven ability to supervise and monitor counsel.

---

[1] Local 338's PSLRA-required Certification is provided as Exhibit A to the Declaration of Jonathan D. Uslaner (the "Uslaner Decl."), filed concurrently herewith. In addition, a chart providing calculations of Local 338's losses is provided as Exhibit B to the Uslaner Decl. Unless otherwise noted, all internal citations and quotations are omitted and all emphasis is added.

1    Local 338 has also demonstrated its adequacy through its selection of

2    Bernstein Litowitz to serve as Lead Counsel for the Class.  Bernstein Litowitz is

3    eminently qualified to prosecute this case and has extensive experience in securities

4    fraud litigation, which will benefit the Class.

5        Based on Local 338's financial interest in the outcome of this action, and its

6    ability to oversee counsel, Local 338 respectfully requests that the Court appoint it

7    as Lead Plaintiff and otherwise grant its motion.

8    **II.    SUMMARY OF THE ACTION**

9        Beyond Meat is a global producer of plant-based meat substitutes such as

10   Beyond Burgers, Beyond Sausages, Beyond Meatballs, and Beyond Pepperoni.

11   Founded in 2009, Beyond Meat found success creating small, sample-sized

12   prototypes of its product offerings and, subsequently, became the best-performing

13   IPO in nearly two decades when it went public in 2019.  After going public, Beyond

14   Meat launched a series of high-profile partnerships with foodservice providers such

15   as Starbucks, McDonalds, KFC, Pizza Hut, and Taco Bell.

16       The action alleges that, throughout the Class Period, Defendants made

17   numerous materially false and misleading statements and omissions concerning the

18   Company's ability to produce plant-based meats at scale.  Specifically, Defendants

19   repeatedly assured investors that Beyond Meat conducted "extensive testing" to

20   "ensure manufacturability" of its plant-based meat products at commercial scale, and

21   touted the success of the Company's product tests with its large-scale partnerships

22   as "very positive."  Further, Defendants blamed any delays in launching these large-

23   scale partnerships on Covid-19.

24       In reality, although Beyond Meat had some early success creating its products

25   in a lab in small quantities, it struggled to manufacture those products at scale to the

26   specifications of its partners.  According to current and former employees of the

27   Company, Beyond Meat suffered from widespread scaling issues, misaligned and

28   delayed decision-making, and severe production delays.  These problems led some

partners to balk at the high price of Beyond Meat's products and express doubts about the Company's ability to produce them at commercial scale.

The truth began to emerge on October 22, 2021, when Beyond Meat announced that the Company was reducing its third quarter net revenues outlook by up to $34 million, or 25%.  As part of the announcement, Beyond Meat also revealed that the Company's expenses and inventories were continuing to rise.  As a result of these disclosures, the price of Beyond Meat stock declined by $12.82 per share, or nearly 12%.  Then, on November 10, 2021, after the markets closed, Beyond Meat announced a $1.8 million inventory write-off.  As a result of this disclosure, the price of Beyond Meat stock declined by $12.55 per share, or nearly 13%.  However, Defendants continued to assure investors of the success of Beyond Meat's partnerships, and blamed the Company's poor financial results on the Covid-19 pandemic.

One week later, on November 17, 2021, *Bloomberg* published an article highlighting the delays in product roll out and execution challenges Beyond Meat was facing.  That article, citing five former Beyond Meat employees, laid bare the Company's ongoing scaling problems and how those problems were tarnishing the Company's relationships with potential partners.  In response to this news, the price of Beyond Meat stock declined by $3.01 per share, or over 3.5%.  Then, on December 9, 2021, multiple media sources reported that Taco Bell had cancelled a planned test of Beyond Carne Asada due to ongoing quality concerns.  On this news, the price of Beyond Meat stock declined by $5.88 per share, or nearly 8%.  In the wake of these disclosures, Defendants continued to assure investors that its product testing was going well.

Finally, on October 14, 2022, Beyond Meat announced the departure of several of its top executives, including its Chief Operating Officer, Chief Growth Officer, and Chief Financial Officer.  These disclosures caused the price of Beyond Meat stock to decline by $1.43 per share, or over 9.6%.

## III.   ARGUMENT

### A.   Local 338 Is The Most Adequate Plaintiff

Local 338 respectfully submits that it is entitled to be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant that has the "largest financial interest" in the relief sought by the Class and satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) ("The [PSLRA] provides a simple . . . process for identifying the lead plaintiff pursuant to these criteria."). As set forth below, Local 338 believes it is the "most adequate plaintiff" and is entitled to be appointed as Lead Plaintiff.

### 1.   Local 338's Motion Is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). On May 11, 2023, Local 338 filed the above-captioned securities class action in this District, asserting claims for violations of Sections 10(b) and 20(a) of the Exchange Act against Defendants. That same day, counsel for Local 338, Bernstein Litowitz, published a notice on *Business Wire* alerting investors to the pendency of the action and informing them of the 60-day deadline to seek appointment as Lead Plaintiff, which is July 10, 2023. *See* Uslaner Decl., Ex. C. Accordingly, Local 338's motion is timely.

### 2.   Local 338 Has The Largest Financial Interest In The Relief Sought By The Class

Local 338 is entitled to be appointed Lead Plaintiff because it has the largest financial interest in the relief sought by the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As demonstrated herein, Local 338 suffered losses of

approximately $2.7 million on its Class Period purchases of Beyond Meat common stock. *See* Uslaner Decl., Exs. A & B. To the best of Local 338's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation. Accordingly, Local 338 has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3. Local 338 Otherwise Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Local 338 otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as lead plaintiff, a movant need only make a "preliminary showing" under Rule 23 that the proposed lead plaintiff's claims are typical and adequate. *Roberti v. OSI Sys., Inc.*, 2014 WL 12845727, at *3 (C.D. Cal. Mar. 17, 2014) (Fitzgerald, J.). As detailed below, Local 338 satisfies these requirements.

Local 338's claims are typical of the claims of other purchasers of Beyond Meat common stock. "To make a prima facie showing of typicality, a moving plaintiff should establish that its claims are similar to all class members. . . . A prima facie showing of typicality does not require that the claims of the movant be nearly identical to those of the class." *Id.* Here, Local 338 and all other Class members suffered the same injuries, their claims arise from the same course of events, and their legal arguments to prove Defendants' liability are nearly identical. Like all other Class members, Local 338 (1) purchased Beyond Meat common stock during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) was harmed when the truth was revealed. *See Shreves v. Xunlei Ltd.*, 2015 WL 5446935, at *3 (C.D. Cal. Sept. 15, 2015) (Fitzgerald, J.) (finding typicality requirement met when proposed lead plaintiff "purchased [defendant corporation] stock at prices [movant] alleges

1    were artificially inflated by Defendants' misrepresentations and omissions, and was

2    allegedly damaged thereby").  As such, Local 338 is a typical Class representative.

3           Local 338 similarly satisfies the adequacy requirement of Rule 23.  Under

4    Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must

5    "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).

6    "The adequacy requirement is met if there are no conflicts between the

7    representative and class interests and the representative's attorneys are qualified,

8    experienced, and generally able to conduct the litigation."  *Ashraf v. Miniso Grp.*

9    *Holding Ltd.*, 2022 WL 19333267, at *3 (C.D. Cal. Nov. 8, 2022).  Local 338

10   satisfies these elements because its substantial financial stake in the litigation

11   provides the incentive to vigorously represent the Class's claims.  Local 338's

12   interests are aligned with those of the other Class members and are not antagonistic

13   in any way.  There are no facts to suggest any actual or potential conflict of interest

14   or other antagonism between Local 338 and other members of the Class.

15          Further, Local 338 has experience serving as a lead plaintiff in securities class

16   actions and supervising the work of outside counsel, including its proposed Lead

17   Counsel Bernstein Litowitz.  Local 338 is currently serving as lead plaintiff in *Retail*

18   *Wholesale Department Store Union Local 338 Retirement Fund v. Stitch Fix, Inc.*,

19   No. 22-cv-4893 (N.D. Cal.), with Bernstein Litowitz serving as lead counsel, and in

20   *Local 295 IBT Employer Group Welfare Fund v. Compass Minerals International,*

21   *Inc.*, No. 22-cv-2432 (D. Kan.).  As such, Local 338 fully understands the Lead

22   Plaintiff's obligations under the PSLRA to oversee and supervise the litigation

23   separate and apart from counsel, and has submitted a sworn Certification as to its

24   willingness and ability to fulfill those duties.  *See* Uslaner Decl., Ex. A.

25          In addition, Local 338—a sophisticated institutional investor responsible for

26   managing approximately $500 million in assets—is exactly the type of investor that

27   Congress sought to empower, through the enactment of the PSLRA, to lead

28   securities class actions.  *See Lloyd v. CVB Fin. Corp.*, 2011 WL 13128303, at *5

(C.D. Cal. Jan. 21, 2011) (noting that the PSLRA "establishes a preference that sophisticated institutional investors direct the course of securities cases"); H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). As such, Local 338 possesses the experience and resources to vigorously litigate the action and supervise Lead Counsel.

Local 338's adequacy is also demonstrated by the fact that it has already taken measures to protect the interests of the Class and ensure that the claims are vigorously and effectively prosecuted. Most notably, Local 338, through its counsel, Bernstein Litowitz, filed the only complaint asserting these claims against Defendants, and initiated the process for investors to seek appointment as Lead Plaintiff.

Finally, Local 338 has demonstrated its adequacy through its selection of Bernstein Litowitz to serve as Lead Counsel to represent the Class. As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively. Accordingly, Local 338 satisfies the typicality and adequacy requirements of Rule 23.

**B.     Local 338 Selected Well-Qualified Lead Counsel To Represent The Class**

Pursuant to the PSLRA, a movant shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent, and the court should not disturb that selection unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").

Bernstein Litowitz is among the preeminent securities class action law firms in the country. *See* Uslaner Decl., Ex. D (Bernstein Litowitz's Firm Résumé). Bernstein Litowitz served as lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which settlements totaling more than $6 billion—the second-largest recovery in securities class action history—were obtained for the class. Bernstein Litowitz also secured a resolution of $2.43 billion for the class in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.), a $1.06 billion recovery for the class in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), and a $730 million settlement on behalf of the class in *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522 (S.D.N.Y.).

Significant examples in which courts in this District and Circuit have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re Allergan, Inc. Proxy Violation Securities Litigation*, No. 14-cv-2004 (C.D. Cal.) (recovering $250 million for investors); *In re New Century Securities Litigation*, No. 07-cv-931 (C.D. Cal.) (recovering approximately $125 million for investors); *In re Mattel, Inc. Securities Litigation*, No. 19-cv-10860 (C.D. Cal.) (recovering $98 million for investors); *In re Merit Medical Systems, Inc. Securities Litigation*, No. 19-cv-2326 (C.D. Cal.) (recovering $18.25 million for investors); *Roberti v. OSI Systems Inc.*, No. 13-cv-9174 (C.D. Cal.) (Fitzgerald, J.) (recovering $15 million for investors); *In re McKesson HBOC, Inc. Securities Litigation*, No. 99-cv-20743 (N.D. Cal.) (recovering $1.05 billion for investors, the largest recovery ever in a securities class action in this Circuit); *Hefler v. Wells Fargo & Company*, No. 16-cv-5479 (N.D. Cal.) (recovering $480 million for investors); *In re Clarent Corp. Securities Litigation*, No. 01-cv-3361 (N.D. Cal.) (conducting a four-week trial and obtaining a favorable jury verdict finding the CEO and former auditor of the defendant company liable, leading to a recovery of millions of dollars for investors); and *Retail Wholesale Department Store Union Local 338*

*Retirement Fund v. Stitch Fix, Inc.*, No. 22-cv-4893 (N.D. Cal.) (Bernstein Litowitz currently serving as lead counsel, with Local 338 serving as lead plaintiff).

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.[2]

## IV.   CONCLUSION

For the reasons discussed above, Local 338 respectfully requests that the Court appoint it as Lead Plaintiff, approve its selection of Bernstein Litowitz as Lead Counsel for the Class, and grant any such further relief as the Court may deem just and proper.

Dated:  July 10, 2023                    Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:   (310) 819-3470

-and-

Avi Josefson
Scott R. Foglietta
1251 Avenue of the Americas

---

[2] Local 338 brings to the Court's attention an order issued by a court in the United States District Court for the Northern District of California in an unrelated action in which Bernstein Litowitz served as lead counsel for the lead plaintiff in that case, SEB Investment Management AB, and as class counsel for the certified class.  *See SEB Inv. Mgmt. AB v. Symantec Corp.*, 2021 WL 1540996, at *1 (N.D. Cal. Apr. 20, 2021) (Uslaner Decl., Ex. E).  Counsel for an unsuccessful lead plaintiff movant raised questions about Bernstein Litowitz's hiring of a former employee of the lead plaintiff.  Following discovery and extensive briefing, the court allowed Bernstein Litowitz to continue as class counsel.  *See id.* at *1-2.  The court nevertheless ordered Bernstein Litowitz to bring the order to the attention of the court when seeking appointment as class counsel, and also to the decision maker for the proposed lead plaintiff who selects class counsel.  *See id.* at *2.  Local 338 is aware of the order, and affirms its selection of Bernstein Litowitz as proposed Lead Counsel.  Importantly, the *Symantec* court granted final approval of a $70 million settlement achieved by SEB Investment Management AB and Bernstein Litowitz.  In addition, courts throughout the country have repeatedly appointed Bernstein Litowitz as lead or class counsel in securities class actions after being apprised of the *Symantec* order.  *See* Uslaner Decl., Ex. F (collecting cases).

New York, NY 10020
Tel:   (212) 554-1400
Fax:   (212) 554-1444
avi@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff*
*Retail Wholesale Department Store*
*Union Local 338 Retirement Fund*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3470