ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 RETIREMENT FUND, on Behalf of Itself and All Others Similarly Situated,<br><br>            Plaintiff,<br><br>   vs.<br><br>BEYOND MEAT, INC., et al.,<br><br>            Defendants. | Case No. 2:23-cv-03602-MWF-AGR<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL<br><br>DATE:    August 7, 2023<br>TIME:    10:00 a.m.<br>CTRM:   5A<br>JUDGE:  Hon. Michael W. Fitzgerald |

4853-9799-3071.v1

# I. INTRODUCTION

This securities class action lawsuit is on behalf of purchasers of Beyond Meat, Inc. ("Beyond Meat" or the "Company") common stock between May 5, 2020 and October 13, 2022 (the "Class Period") seeking to pursue remedies under the Securities Exchange Act of 1934 ("1934 Act") against the Company and three of its current or former senior executive officers. The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to "appoint the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii). The most adequate plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

Saskatchewan Healthcare Employees' Pension Plan ("SHEPP") should be appointed lead plaintiff because it filed a timely motion, has the largest financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, SHEPP's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

# II. FACTUAL BACKGROUND

Beyond Meat is a food company that provides plant-based protein products that are sold as substitutes for beef, pork, and poultry. The Company sells its products to various customers in the retail and foodservice channels through brokers and distributors in the United States and internationally. After going public in 2019, Beyond Meat launched a series of high-profile partnerships with foodservice providers such as Starbucks, McDonalds, KFC, Pizza Hut, and Taco Bell. The Company's common stock trades on the NASDAQ under the symbol BYND.

The complaint alleges that, throughout the Class Period, defendants made numerous materially false and misleading statements and omissions concerning the

1   Company's ability to produce plant-based meats at scale.  Specifically, the complaint
2   alleges that defendants repeatedly assured investors that Beyond Meat conducted
3   "extensive testing" to "ensure manufacturability" of its plant-based meat products at
4   commercial scale.  ECF 1 at ¶3.  Further, defendants blamed any delays in launching
5   these large-scale partnerships on Covid-19.  *Id.*

6   The complaint alleges that these misleading statements and omissions
7   artificially inflated the price of Beyond Meat stock, and later, when defendants' prior
8   misrepresentations and fraudulent conduct were disclosed to the market, including on
9   October 22, 2021, November 10, 2021, November 17, 2021, December 9, 2021, and
10  October 14, 2022, Beyond Meat's stock price fell significantly.

11  As a result of defendants' alleged wrongful acts and omissions and the decline
12  in the value of Beyond Meat common stock, class members have suffered significant
13  losses and damages.

14  **III.   ARGUMENT**

15  **A.   SHEPP Should Be Appointed Lead Plaintiff**

16  The PSLRA establishes the procedure for the appointment of a lead plaintiff in
17  "each private action arising under [the 1934 Act] that is brought as a plaintiff class
18  action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).
19  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published
20  "in a widely circulated national business-oriented publication or wire service"
21  advising members of the purported plaintiff class "of the pendency of the action, the
22  claims asserted therein, and the purported class period" and that "not later than 60
23  days after the date on which the notice is published, any member of the purported
24  class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i).
25  The statutory notice in this case was published on May 11, 2023 via *Business Wire.*
26  *See* Declaration of Michael Albert in Support of Motion for Appointment as Lead
27  Plaintiff and Approval of Selection of Lead Counsel ("Albert Decl."), Ex. A.
28

- 2 -

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

>   (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
>   (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). SHEPP meets these requirements and should therefore be appointed Lead Plaintiff.

### 1. This Motion Is Timely

The May 11, 2023 statutory notice published in this case advised putative class members of the pendency of the action, the claims asserted, the proposed class definition, and the right to move the Court for appointment as lead plaintiff by July 10, 2023. *See* Albert Decl., Ex. A. Because SHEPP's motion has been timely filed, it is eligible for appointment as lead plaintiff.

### 2. SHEPP Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, SHEPP purchased 58,564 shares of Beyond Meat stock and suffered approximately $4.2 million in losses. *See* Albert Decl., Exs. B, C. To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest during the Class Period. Therefore, SHEPP satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. SHEPP Otherwise Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims

or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

The test of typicality is "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced, and able to vigorously prosecute the action on behalf of the class. *See* Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Here, as to typicality, like all other class members, SHEPP: (1) purchased Beyond Meat common stock during the Class Period; (2) was adversely affected by the alleged wrongdoing; and (3) suffered damages thereby. In other words, SHEPP's claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members.

As to adequacy, SHEPP's substantial stake in the outcome of the case indicates it has the requisite incentive to vigorously represent the class's claims. SHEPP's interests are aligned with the interests of the putative class and there is no evidence of any antagonism between SHEPP's interests and the class's interests. And, as an institutional investor, SHEPP is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See generally In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members.").

4853-9799-3071.v1

Finally, SHEPP has selected qualified counsel to represent it and the putative class. *See* §III.B., *infra*. As such, the Court should find that the adequacy requirement has been met.

Because SHEPP filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated its typicality and adequacy, the Court should adopt the presumption that it is the "most adequate plaintiff."

**B.    The Court Should Approve SHEPP's Selection of Counsel**

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. In this case, SHEPP has selected Robbins Geller as lead counsel.[1]

Robbins Geller, a 200-attorney nationwide law firm with offices in California, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Cooper Cos. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature"). Notably, in the last three years alone, Robbins Geller recovered more than $4 billion on behalf of investors in securities class action cases, including $1.02 billion in *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.), $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), $809.5 million in *In re Twitter*

---

[1]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

*Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as an in-District 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, SHEPP's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV. CONCLUSION

SHEPP has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, SHEPP respectfully requests that the Court grant its motion for appointment as lead plaintiff and approval of its selection of lead counsel.

DATED: July 10, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY

s/ Michael Albert
MICHAEL ALBERT

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 10, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Michael Albert
MICHAEL ALBERT

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

Email: malbert@rgrdlaw.com

4853-9799-3071.v1

# Mailing Information for a Case 2:23-cv-03602-MWF-AGR Retail Wholesale Department Store Union Local 338 Retirement Fund v. Beyond Meat, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Scott Russell Foglietta**
  scott.foglietta@blbglaw.com

- **Avi Josefson**
  avi@blbglaw.com

- **Jonathan Daniel Uslaner**
  jonathanu@blbglaw.com,melody.yaghoubzadeh@blbglaw.com,juslaner@gmail.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`