ROBBINS GELLER RUDMAN
& DOWD LLP
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 RETIREMENT FUND, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BEYOND MEAT, INC., et al.,<br><br>Defendants. | Case No. 2:23-cv-03602-MWF-AGR<br><br><u>CLASS ACTION</u><br><br>SASKATCHEWAN HEALTHCARE EMPLOYEES' PENSION PLAN'S OPPOSITION TO COMPETING MOTION OF LOCAL 338 FOR APPOINTMENT AS LEAD PLAINTIFF<br><br>DATE: August 7, 2023<br>TIME: 10:00 a.m.<br>CTRM: 5A<br>JUDGE: Hon. Michael W. Fitzgerald |

## I. INTRODUCTION

On July 10, 2023, two class members filed competing motions seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) Saskatchewan Healthcare Employees' Pension Plan ("SHEPP"); and (2) Retail Wholesale Department Store Union Local 338 Retirement Fund ("Local 338"). Based on information contained in the lead plaintiff motions, SHEPP is the "most adequate plaintiff" within the meaning of the PSLRA as it possesses the "largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Recognizing that SHEPP is entitled to lead plaintiff appointment under the statute, Local 338 has filed a "Notice of Non-Opposition" to SHEPP's motion. *See* ECF 25. ***As such, SHEPP's motion is unopposed***.

Indeed, with over 58,564 Beyond Meat, Inc. shares purchased and $4,250,000 in losses incurred during the Class Period, SHEPP's financial interest "in the relief sought by the class" is undeniably more than Local 338's:







In accordance with the PSLRA, SHEPP is therefore entitled to a strong presumption that it is the "most adequate plaintiff" because it has the largest financial interest in the litigation and has made a *prima facie* showing of its typicality and adequacy. *See* ECF 22 at 3-5; 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). That presumption

can only be rebutted "upon proof" that SHEPP is inadequate or atypical. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). There are no facts, let alone any "proof," suggesting that SHEPP is somehow unfit to represent the class.

To the contrary, SHEPP – an institutional investor with experience serving as fiduciary and as lead plaintiff in securities litigation – is a qualified lead plaintiff candidate that is committed to vigorously prosecuting this litigation on behalf of all class members. In addition, SHEPP has chosen counsel with decades of experience litigating securities class actions. Accordingly, SHEPP is the "most adequate plaintiff" pursuant to the PSLRA.

Because SHEPP has the largest financial interest and satisfies the Rule 23 requirements, SHEPP respectfully requests that the Court grant its lead plaintiff motion and deny the competing motion of Local 338.

## II. ARGUMENT

According to the unambiguous language of the PSLRA, "[t]he 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); 15 U.S.C. §78u-4(a)(3)(B)(iii).

"The Court should follow a 'three-step process for identifying the lead plaintiff pursuant to these criteria.'" *Roberti v. OSI Sys., Inc.*, 2014 WL 12845727, at *2 (C.D. Cal. Mar. 17, 2014) (Fitzgerald, J.) (quoting *Cavanaugh*, 306 F.3d at 729). The first step – publication of the pendency of this Action – has been completed. *See* ECF 23-1. In the next two steps, courts consider "potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order ***if and only if*** the presumptive lead plaintiff is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732 (emphasis added).

### A. Only SHEPP Qualifies for the "Most Adequate Plaintiff" Presumption

#### 1. SHEPP Has the Largest Financial Interest

The second step consists of identifying the presumptive lead plaintiff. During this second stage of the three-step lead plaintiff inquiry, "'the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit.'" *In re Cheetah Mobile, Inc. Sec. Litig*., 2021 WL 99635, at *2 (C.D. Cal. Jan. 12, 2021) (Fitzgerald, J.) (quoting *Cavanaugh*, 306 F.3d at 730). While the PSLRA does not delineate how financial interest should be assessed, the Ninth Circuit has said "[t]o make this comparison, the district court . . . may select accounting methods that are both rational and consistently applied." *Cavanaugh*, 306 F.3d at 730 n.4. Most district courts consider various factors, of which loss is considered the most important. *See Cheetah Mobile*, 2021 WL 99635, at *3 ("the Court elects to follow the approach advanced by courts in the Ninth Circuit, elevating the importance of [loss above any other factors]"); *Roberti*, 2014 WL 12845727, at *2 (looking to loss as the proxy for financial interest); *Lefter v. Yirendai Ltd*., 2016 WL 10514730, at *3 (C.D. Cal. Nov. 29, 2016) (Fitzgerald, J.) (same). Examining each movant's trading, it is apparent that SHEPP possesses the largest loss, regardless of the accounting methodology used to calculate losses.[1] However, if the Court was to consider other factors such as: "(1) gross shares purchased; (2) net shares purchased; (3) net funds expended" (*Cheetah Mobile*, 2021

[1] SHEPP's losses of $4,254,268 and Local 338's losses of $2,719,736 are the same under either the last in, first out ("LIFO") or first in, first out methodology. "'Courts in the Ninth Circuit tend to employ the final method and to use a . . .LIFO . . . methodology.'"" *See Cheetah Mobile*, 2021 WL 99635, at *3 (citations omitted).

WL 99635, at *3), SHEPP is ***still*** the movant with the largest financial interest in the relief sought by the class:

| | ***Lax* Factor 1** | ***Lax* Factor 2** | ***Lax* Factor 3** |
|---|---|---|---|
| **Movant** | Total Shares Purchased During CP | Net Shares Purchased During CP | Net Funds Expended During CP |
| SHEPP | 58,264 | 0 | $4,254,268.62 |
| Local 338 | 43,110 | 0 | $2,719,736.71 |

In sum, SHEPP possesses the largest financial interest. *See also* ECF 25 at 2 (Local 338's "Notice of Non-Opposition" acknowledging that it lacks the largest financial interest). Pursuant to the PSLRA's process, "further inquiry must focus on [SHEPP] alone and be limited to determining whether it satisfies the other statutory requirements." *Cavanaugh*, 306 F.3d at 732.

**B. SHEPP Also Satisfies the Rule 23 Requirements**

Because SHEPP possesses the greatest financial interest, the next question is whether it "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage, the Rule 23 determination is limited to typicality and adequacy. *Cavanaugh*, 306 F.3d at 730. As evidenced by the information provided by SHEPP in its lead plaintiff application, there is no question that it is both typical of the putative class and adequate. *See* ECF 22 at 3-5. SHEPP satisfies the typicality requirement as its claims are essentially identical to those of all other class members and relies on the same factual and legal arguments. *Id.* SHEPP is adequate because, *inter alia*, its interests are aligned with those of other class members because all class members purchased Beyond Meat common stock and were negatively impacted by defendants' alleged wrongdoing. Moreover, SHEPP is a sophisticated institutional investor with experience serving as a fiduciary. With approximately 70,000 members and more than $10 billion in assets under management, SHEPP is the largest defined benefit pension plan in the Saskatchewan province of Canada. SHEPP is aware of the PSLRA's requirements and has experience selecting, hiring,

and overseeing lawyers in complex securities litigation. *See Chin v. KE Holdings Inc.*, No. 1:21- cv-11196-GHW (S.D.N.Y.) (currently serving as lead plaintiff); *In re Carvana Co. Sec. Litig.*, No. 2:22-cv-04870 (D.N.J.) (same). As such, SHEPP is not just highly incentivized to vigorously prosecute this Action, but firmly committed to maximizing the recovery for putative class members harmed by the alleged wrongdoing. In addition, SHEPP selected a lead counsel that is highly qualified to prosecute this securities fraud class action. *See In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 789-90, 797 (S.D. Tex. 2008) (Robbins Geller as sole lead counsel obtaining the largest securities recovery of all time; court finding that "it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country."); *Karinski v. Stamps.com, Inc.*, No. 2:19-cv-01828, ECF 215 at 2 (C.D. Cal. Mar. 17, 2022) (this Court approving $100 million settlement in a securities class action filed against Stamps.com and finding that "Lead Counsel has pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy").

Because SHEPP has the largest financial interest and satisfies Rule 23's requirements, it is presumptively the "most adequate plaintiff."

### C. Local 338's Motion Should Be Denied Because It Lacks the Largest Financial Interest and Cannot Rebut the Presumption in SHEPP's Favor

To rebut the presumption in favor of SHEPP's appointment as lead plaintiff, the PSLRA requires Local 338 to submit "proof" that SHEPP "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). None exists. Because Local 338 has smaller losses than SHEPP and cannot rebut the presumption that SHEPP is the most adequate plaintiff, its motion must be denied. Indeed, pursuant to the PSLRA's sequential process, the Court may only consider Local 338's motion "if and ***only if*** [SHEPP] is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732 (emphasis added).

Because SHEPP is "both willing to serve and satisfies the requirements of Rule 23," Local 338's motion should be denied. *Id.* at 730.

## III. CONCLUSION

SHEPP not only suffered the greatest loss, but has demonstrated its ability to satisfy Rule 23's typicality and adequacy requirements. In recognition of these facts, Local 338 – the only competing movant – does not oppose SHEPP's lead plaintiff motion. SHEPP's motion should be granted.

DATED: July 17, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY

s/ Michael Albert
MICHAEL ALBERT

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 17, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Michael Albert
MICHAEL ALBERT

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

Email: malbert@rgrdlaw.com

# Mailing Information for a Case 2:23-cv-03602-MWF-AGR Retail Wholesale Department Store Union Local 338 Retirement Fund v. Beyond Meat, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Kenneth P. Dolitsky**
  kdolitsky@rgrdlaw.com
- **Scott Russell Foglietta**
  scott.foglietta@blbglaw.com
- **Avi Josefson**
  avi@blbglaw.com
- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com
- **Jonathan Daniel Uslaner**
  jonathanu@blbglaw.com,melody.yaghoubzadeh@blbglaw.com,juslaner@gmail.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)