UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** 23-cv-3602-MWF (AGRx) | **Date:** July 26, 2023 |
| **Title:** Retail Wholesale Department Store Union Local 338 Retirement Fund v. Beyond Meat, Inc. et al | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                          Court Reporter:
Rita Sanchez                           Not Reported

Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
None Present                           None Present

**Proceedings (In Chambers):**   ORDER RE: MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL [17] [21]

Before the Court are two motions for appointment as lead plaintiff and approval of selection of counsel. The first was filed by Retail Wholesale Department Store Union Local 338 Retirement Fund ("Local 338") on July 10, 2023. (Docket No. 17). The second was filed by Saskatchewan Healthcare Employees' Pension Plan ("SHEPP"). (Docket No. 21). Upon the appearance that SHEPP has a larger financial interest in this action, Local 388 filed a Notice of Non-Opposition to SHEPP's motion on July 17, 2023. (Docket No. 25). SHEPP filed an Opposition to Local 388's motion on July 17, 2023. (Docket No. 26).

The motions were noticed to be heard on **August 7, 2023**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons set forth below, the motions are ruled upon as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  23-cv-3602-MWF (AGRx)                    Date:  July 26, 2023
Title:       Retail Wholesale Department Store Union Local 338 Retirement Fund v. Beyond Meat, Inc. et al

- SHEPP's motion is **GRANTED**.  SHEPP is appointed as lead plaintiff in this action.  Robbins Geller Rudman & Dowd LLP is appointed lead counsel.

- Local 338's motion is **DENIED**.

## I.    BACKGROUND

Before the Court is a putative securities class action brought on behalf of purchasers of Beyond Meat common stock between May 5, 2020, and October 13, 2022 (the "Class Period").  (Complaint ¶ 1 (Docket No. 1)).  The Complaint alleges violations of Sections 10(b) and 20(a) of the Exchange Act, as well as Rule 10b-5 promulgated thereunder.  (*Id.*).

## II.   DISCUSSION

### A.    Appointment as Lead Plaintiff

The Private Securities Litigation Reform Act (the "PSLRA") sets forth the requirements of securities class actions brought pursuant to Federal Rules of Civil Procedure.  15 U.S.C. § 77z-1, *et seq*.  In particular, 15 U.S.C. § 78u-4(a)(3) outlines the statutory requirements for a district court's appointment of lead plaintiff.  "The Act instructs district courts to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'"  *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

"The 'most capable' plaintiff — and hence the lead plaintiff — is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23."  *Id*.  The Court should follow a "three-step process for identifying the lead plaintiff pursuant to these criteria."  *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  23-cv-3602-MWF (AGRx)                    Date:  July 26, 2023
Title:    Retail Wholesale Department Store Union Local 338 Retirement Fund v. Beyond Meat, Inc. et al

The PSLRA first sets forth a notice requirement that the first plaintiff to file the lawsuit must provide notice of the lawsuit, including notice that "any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

The second step requires the Court to consider any motion made by a class member in response to the notice requirement when appointing "as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  When making this determination, the Court must "adopt the presumption that the most adequate plaintiff . . . has the largest financial interest in the relief sought by the class . . . and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The Court also looks to ensure that the plaintiff with the greatest financial interest in the relief sought meets the "typicality" and "adequacy" requirements of Rule 23(a).  *Cavanaugh*, 306 F.3d at 730.

Under *Cavanaugh*, the third step requires the Court "to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfied Rule 23's typicality and adequacy requirements."  *Id*.  A court's determination of a presumptive lead plaintiff may only be disputed by other plaintiffs through the presentation of evidence challenging the presumptive lead plaintiff's showing of typicality and adequacy.

All of the PSLRA's requirements are satisfied here.

1. **Published Notice**

On May 11, 2023, counsel for Local 338 published a notice in *Business Wire* announcing that a securities class action had been filed against Defendants and advising purchasers of Beyond Meat common stock that they had 60 days from publication of the notice to file a motion to be appointed as lead plaintiff.  (Declaration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. 23-cv-3602-MWF (AGRx)          Date: July 26, 2023
Title:     Retail Wholesale Department Store Union Local 338 Retirement Fund v. Beyond Meat, Inc. et al

of Michael Albert ("Albert Decl.") (Docket No. 23), Ex. A); *see also* 15 U.S.C.A. § 78u-4(a)(3)(A)(i) (requiring that notice "be published, in a widely circulated national business-oriented publication or wire service").

### 2. Most Adequate Plaintiff

As recognized by the two moving parties, SHEPP appears to be the most adequate plaintiff under the PSLRA and Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. SHEPP estimates its losses on purchases of Beyond Meat common stock during the Class Period to be $4,254,268.62. (Albert Decl., Ex. C). Local 338 estimates its losses to be $2,719,736.71. (Declaration of Jonathan D. Uslaner (Docket No. 19), Ex. B).

"So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [s]he is entitled to lead plaintiff status . . . ." *Cavanaugh*, 306 F.3d at 732. The movant with the largest financial interest only needs to make a prima facie showing that it satisfies Rule 23 to be the presumptive lead plaintiff. *Id*. at 739. Rule 23(a) requires that the movant's claims be "typical of the claims or defenses of the class" and that the movant "will fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23.

To make a prima facie showing of typicality, a moving plaintiff should establish that its claims are similar to all class members. *See Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 667 (C.D. Cal. 2005) (explaining that only a preliminary showing is needed for appointment of a lead plaintiff because a wide ranging analysis will take place during the class certification process). A prima facie showing of typicality does not require that the claims of the movant be nearly identical to those of the class. *Id*.

Here, SHEPP's claims are typical of the claims asserted by the proposed class. Like all members of the class, SHEPP purchased Beyond Meat common stock during the Class Period and alleges losses as a result of those transactions. (Albert Decl., Ex. B). SHEPP alleges the same violations of the federal securities laws as the members of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  23-cv-3602-MWF (AGRx) | Date:  July 26, 2023 |
| Title:     Retail Wholesale Department Store Union Local 338 Retirement Fund v. Beyond Meat, Inc. et al | |

the class, stating that Defendants made materially misleading statements about Beyond Meat and its business.  (SHEPP Memo (Docket No. 22) at 1, 4).  Similarly, SHEPP argues that its losses, like the losses suffered by all members of the proposed class, arise from the artificial inflation of Beyond Meat common stock caused by Defendants' misrepresentations and omissions.  (*Id.*).  Accordingly, the Court finds that SHEPP's claims are typical of the class.

Rule 23(a) also requires that the movant be able to "fairly and adequately protect the interests" of all class members.   Fed. R. Civ. P. 23(a)(4).  A court should inquire about the movant's interests in the outcome of the case and their willingness to vigorously represent the class's claims to determine if is a preliminary showing of adequacy.  *See Tanne*, 226 F.R.D. at 667.  Additionally, a court should ensure that the movant's interests do not conflict with those of the class and that the movant's counsel is capable and qualified.  *Id*.

SHEPP is an adequate representative.  Most important, SHEPP has the largest financial stake in the litigation, which indicates it will vigorously represent the proposed class.  As discussed above, SHEPP's interests are also in line with those of other class members because all class members allegedly purchased Beyond Meat common stock due to Defendants' alleged misrepresentations and omissions.  There is no evidence of any antagonism between SHEPP's interest and the class's interest.  (*See* SHEPP Memo at 4).  Likewise, no evidence suggests that SHEPP's chosen counsel is incapable or unqualified.  By meeting the requirements of steps one and two under *Cavanaugh*, SHEPP is the presumptive lead plaintiff in this action.  *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) ("[N]o evidence exists to suggest that [plaintiffs are] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  23-cv-3602-MWF (AGRx)                              Date:  July 26, 2023
Title:        Retail Wholesale Department Store Union Local 338 Retirement Fund v. Beyond Meat, Inc. et al

### 3.      Opportunity for Rebuttal

Finally, the third requirement under the PSLRA is clearly met.  This requirement requires the Court "to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfied Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730.  Here, no other plaintiffs have rebutted SHEPP's status as lead plaintiff.  Therefore, SHEPP's showing of typicality and adequacy has not been challenged.

Accordingly, the Court appoints SHEPP as lead plaintiff in this action.

### B.      Selection of Lead Counsel

Pursuant to the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(v).  "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice."  *Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) (noting that the district court does not have the authority to choose lead counsel).  Ultimately, a district court may only approve or disapprove a lead plaintiff's choice of counsel, and disapproval is only warranted when a there is evidence that suggests there was a lack of a good faith selection and negotiation process between lead plaintiff and lead counsel.  *See id*.  A court should not disturb a lead plaintiff's choice of counsel unless it is necessary to protect the class, because the PSLRA has a strong presumption that a properly selected lead plaintiff is most capable of selecting lead counsel.  *Cavanaugh*, 306 F.3d at 734 n.14.

Here, SHEPP has selected Robbins Geller as lead counsel.  The firm has substantial experience litigating securities class actions.  (SHEPP Memo at 5).  No evidence undermining the firm's ability to effectively represent the putative class has been presented.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | 23-cv-3602-MWF (AGRx) | Date:  July 26, 2023 |
| Title: | Retail Wholesale Department Store Union Local 338 Retirement Fund v. Beyond Meat, Inc. et al | |

Accordingly, the Court approves SHEPP's selection of counsel.

Both of SHEPP's motions being **GRANTED**, Local 338's motion is **DENIED.**

IT IS SO ORDERED.