LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
    *michele.johnson@lw.com*
  Ryan A. Walsh (Bar No. 294506)
    *ryan.walsh@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone:  +1.714.540.1235
Facsimile:  +1.714.755.8290

  Heather A. Waller (*Pro Hac Vice*)
    *heather.waller@lw.com*
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone:  +1.312.876.7700
Facsimile:  +1.312.993.9767

*Attorneys for Defendants*
*Beyond Meat, Inc., Ethan Walden Brown,*
*Mark J. Nelson, and Philip E. Hardin*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASKATCHEWAN HEALTHCARE EMPLOYEES' PENSION PLAN, and MARIO COLATO,<br><br>Plaintiffs,<br><br>v.<br><br>BEYOND MEAT, INC., et al.,<br><br>Defendants. | Case No. 2:23-cv-03602-MWF-AGR<br><br>CLASS ACTION<br><br>**REQUEST FOR JUDICIAL NOTICE AND INCORPORATION OF DOCUMENTS BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>Date:         April 8, 2024<br>Time:         10:00 a.m.<br>Place:        Courtroom 5A<br><br>Hon. Michael W. Fitzgerald |

Pursuant to Federal Rule of Evidence 201 and the incorporation by reference doctrine, Defendants Beyond Meat, Inc. ("Beyond Meat"), Ethan Walden Brown, Mark J. Nelson, and Philip E. Hardin (together, "Defendants"), respectfully request that the Court consider Exhibits 2–8 to the Declaration of Heather Waller in Support of Defendants' Motion to Dismiss ("Exhibits" or "Exs."), filed concurrently herewith, as incorporated by reference into Plaintiffs' Consolidated Complaint ("Complaint" or "Compl."), and take judicial notice of Exhibits 1–13.

## I.    LEGAL STANDARD

When resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), this Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007); *see also In re Cheetah Mobile, Inc. Sec. Litig*., No. 20-5696, slip. op. at 4 (C.D. Cal. Mar. 30, 2022) (Fitzgerald, J.) (considering, on a motion to dismiss, documents referenced and relied upon in plaintiffs' complaint, SEC filings, earnings call transcripts, news reports, and press releases).

A document is incorporated by reference in a pleading if the plaintiffs "extensively refer" to the documents or if the document "form[s] the basis" of plaintiffs' claims. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Documents that are incorporated by reference in a complaint may be considered "as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Given that courts must view each challenged statement in the *full context* in which it was made, *In re Eventbrite, Inc. Sec. Litig*., No. 18-2019, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020), the incorporation-by-reference doctrine precludes Plaintiffs from "selecting only portions of documents that support their claims, while omitting portions of those very

2

documents that weaken—or doom—their claims," *Khoja*, 899 F.3d at 1002; *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (plaintiff cannot survive motion to dismiss by "omitting references to documents upon which their claims are based"), *superseded by statute on other grounds*, *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).  A document incorporated by reference is considered "part of the complaint," and the Court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted).

Federal Rule of Evidence 201 governs judicial notice. The Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The Court "(1) may take judicial notice on its own; or (2) *must take* judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid 201(c) (emphasis added).

## II.    ARGUMENT

### A.    Exhibits 2–8 Are Incorporated by Reference Into the Complaint

To plead a claim for securities fraud, Plaintiffs must allege that Defendants made (1) a material misrepresentation or omission of fact, (2) with scienter, and (3) that caused Plaintiffs' economic losses. *In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012).

On falsity, Plaintiffs allege that Defendants made 37 false or misleading statements in press releases, conference calls, and reports filed with the SEC during the purported Class Period. *See* Compl., Exhibit B (listing challenged statements and sources).  The documents containing the 37 challenged statements "form[] the basis" of Plaintiffs' claims and neither party questions their accuracy or authenticity. *See Khoja*, 899 F.3d at 1004–05.  Under the incorporation-by-reference doctrine, the Court may consider all of these documents when evaluating Defendants' motion to

3

dismiss. *See, e.g.*, *In re Am. Apparel Sec. Litig.*, 855 F. Supp. 2d 1043, 1061–63 (C.D. Cal. 2012); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023 (C.D. Cal. 2008) (finding incorporation by reference where "[a]ll . . . items were either referenced or quoted in the" operative complaint). Indeed, the Court should consider the full content of Exhibits 2–6 and the context of each of the statements Plaintiffs challenge as false or misleading. *See, e.g.*, *Khoja*, 899 F.3d at 1002; *In re Eventbrite*, 2020 WL 2042078, at \*7.

On these grounds, Defendants request that the Court consider **Exhibits 2–6** as incorporated by reference into the Complaint:

| Exhibit No. | Relevant Allegations |
|---|---|
| **Exhibit 2**: Transcript of Beyond Meat's November 9, 2020 Earnings Conference Call | Compl. ¶¶ 50, 53. 191. |
| **Exhibit 3**: Transcript of Beyond Meat's November 10, 2021 Earnings Conference Call | Compl. ¶¶ 28, 88, 92, 156, 200, 204. |
| **Exhibit 4**: Transcript of Beyond Meat's February 24, 2022 Earnings Conference Call | Compl. ¶¶ 120, 213, 216. |
| **Exhibit 5**: Transcript of Beyond Meat's May 11, 2022 Earnings Conference Call | Compl. ¶¶ 129, 217, 222. |
| **Exhibit 6**: Transcript of Beyond Meat's February 23, 2023 Earnings Conference Call | Compl. ¶¶ 49(e)(iv), 166. |

In support of their scienter allegations, Plaintiffs also allege that Nelson sold 466,303 shares of Beyond Meat common stock during the Class Period. Compl. ¶¶ 177–78; *see also id.* ¶¶ 179–82. Plaintiffs challenge Nelson's stock sales during the Class Period as "suspicious in timing" and evidence that Nelson was "aware that the Company was over-promising an under-delivering on its strategic partnerships." *Id.* ¶¶ 181–82. During the Class Period, Nelson's stock sales were reported in multiple Statements of Changes in Beneficial Ownership, filed with the SEC on

4

Form 4.  Given that the "contents" of these documents (*i.e.*, Nelson's stock sales) are alleged in the Complaint and no party questions the authenticity of the documents, they may be properly considered at the motion to dismiss stage as incorporated by reference into the Complaint.  *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012); *see also Am. Apparel*, 855 F. Supp. 2d at 1061–63.

On these grounds, Defendants request that the Court consider **Exhibits 7–8** as incorporated by reference into the Complaint:

| Exhibit No. | Relevant Allegations |
|---|---|
| **Exhibit 7**:  June 4, 2020 Statement of Changes in Beneficial Ownership (Form 4), filed with the SEC on June 8, 2020 | Compl. ¶¶ 177–78. |
| **Exhibit 8**:  August 6, 2020 Statement of Changes in Beneficial Ownership (Form 4), filed with the SEC on August 10, 2020 | Compl. ¶¶ 177–78. |

Alternatively, should the Court conclude that any of these documents are not incorporated by reference in the Complaint, Defendants request that the Court take judicial notice of the foregoing documents under Federal Rule of Evidence 201.

**B.    Exhibits 1–13 Are Public Records Properly Subject To Judicial Notice**

Additionally, the Court may take judicial notice of **Exhibits 1–13** because they are matters of public record that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed R. Evid. 201(b); *Khoja*, 899 F.3d at 999.  When resolving motions to dismiss, courts also routinely take judicial notice of SEC filings, analyst reports, and conference call transcripts not for the truth of their contents, but to determine the information available to the market.  *See, e.g., Am. Apparel*, 855 F. Supp. 2d at 1062, n.143.

***Stock Price History***.  Exhibit 1 is Beyond Meat's common stock price history from NASDAQ and Defendant Mark Nelson's alleged sales of Beyond Meat common stock.  Courts routinely take judicial notice of stock prices from credible sources, given that the information "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201; *see also Nguyen v. Radient Pharms. Corp.*, No. 11-406, 2011 WL 5041959, at *2 n.3 (C.D. Cal. Oct. 20, 2011) (granting request for judicial notice of a company's historical daily stock price range during the class period); *Eng v. Edison Int'l*, No. 15-1478, 2017 WL 1857243, at *5 (S.D. Cal. May 5, 2017) (taking judicial notice of defendant's stock price history); *Primo v. Pac. Biosciences of Cal., Inc.*, 940 F. Supp. 2d 1105, 1115 n.1 (N.D. Cal. 2013) (same).

***SEC Filings and Call Transcripts***.  Exhibits 2–6 are transcripts of Beyond Meat's earnings conference calls published by S&P Global; Exhibits 7 and 8 are statements of changes of beneficial ownership (Forms 4s) for Mark Nelson, which were filed publicly with the SEC; and Exhibits 9–13 are Beyond Meat's annual reports and quarterly reports, which also were filed publicly with the SEC.  All of these documents are "undisputed matters of public record" that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *E.g.*, Fed. R. Evid. 201; *Gammel*, 905 F. Supp. 2d at 1061. For that reason, courts routinely take judicial notice of conference call transcripts when considering motions to dismiss. *See, e.g.*, *Primo*, 940 F. Supp. 2d at 1115 n.1 (taking judicial notice of call transcripts because they are "capable of immediate determination by resort to accurate sources and not subject to reasonable dispute"); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979–80 (N.D. Cal. 2010) (taking judicial notice of transcripts of conference calls with analysts); *In re Impac Mortg. Holdings, Inc. Sec. Litig.*, 554 F. Supp. 2d 1083, 1088 n.3 (C.D. Cal. 2008) (taking judicial notice of conference call transcripts that "reflect matters that

6

are generally known" and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

The same is true for Exhibits 7–13. Courts routinely take judicial notice of public SEC filings in connection with motions to dismiss in securities class action cases. *See Metzler Inv. GMBH v. Corinthian Colls. Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (proper to take judicial notice of SEC filings on a motion to dismiss); *United States v. W.R. Grace*, 504 F.3d 745, 766 (9th Cir. 2007); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 901–02 (C.D. Cal. 2011) (courts are generally permitted "to judicially notice SEC filings"); *Am. Apparel*, 855 F. Supp. 2d at 1062, n.143; *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157 (C.D. Cal. 2007).

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court consider Exhibits 2–8 as incorporated by reference into Plaintiffs' Consolidated Complaint and take judicial notice of Exhibits 1–13, all of which are filed contemporaneously with the Declaration of Heather Waller.

Dated:  December 8, 2023

Respectfully submitted,

LATHAM & WATKINS LLP
   Michele D. Johnson
   Heather A. Waller
   Ryan A. Walsh

By */s/ Michele D. Johnson*
   Michele D. Johnson
   Attorneys for Defendants
   Beyond Meat, Inc., Ethan Walden
   Brown, Mark J. Nelson, and Philip E.
   Hardin