ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ (147029)
LAURIE L. LARGENT (153493)
MATTHEW I. ALPERT (238024)
JOSEPH J. TULL (339956)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
malpert@rgrdlaw.com
jtull@rgrdlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SASKATCHEWAN HEALTHCARE EMPLOYEES' PENSION PLAN, and MARIO COLATO, | Case No. 2:23-CV-03602-MWF(AGRx) |
| | CLASS ACTION |
| Plaintiffs, | |
| vs. | PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS |
| BEYOND MEAT, INC., et al., | |
| Defendants. | DATE:      April 22, 2024 |
| | TIME:      10:00 a.m. |
| | CTRM:    5A |
| | JUDGE:   Hon. Michael W. Fitzgerald |

4873-6101-9828.v1

Lead Plaintiff Saskatchewan Healthcare Employees' Pension Plan and additional named plaintiff Mario Angle Colato (collectively, "Plaintiffs") respectfully submit this Notice of Supplemental Authority to apprise the Court of a decision by the United States Court of Appeals for the Ninth Circuit today in *In re Genius Brands Int'l, Inc. Sec. Litig.*, __ F.4th __, 2024 WL 1473942 (9th Cir. Apr. 5, 2024), attached hereto as Exhibit A, and in further support of Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss. *See* ECF 44 at 25-29. Specifically, Plaintiffs direct the Court's attention to the Ninth Circuit's discussion and analysis reversing dismissal of appellant-plaintiffs' loss causation allegations. *See* Ex. A at *6-*12; *see also id.* at *8 ("Take, for example, cases involving corporate crisis management or damage control. If a company's stock is tanking, and one of its senior executives makes a misstatement that pacifies the market and causes the stock price to decrease at a lower rate, that misstatement inflated the stock's price without increasing it."); *id.* at *10 ("[I]t suffices to plausibly allege that the stock price was higher than it would have been but for the defendant's statement – whether because the statement increased the stock price, maintained the stock price, or prevented a greater decrease in the stock price."); *id.* at *11 ("The value of a declining stock can nevertheless be inflated for loss causation purposes where, as here, the stock would have declined even more if the misrepresentation had not been made.").

DATED: April 5, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
SPENCER A. BURKHOLZ
LAURIE L. LARGENT
MATTHEW I. ALPERT
JOSEPH J. TULL


s/ MATTHEW I. ALPERT
MATTHEW I. ALPERT

- 1 -

4873-6101-9828.v1

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
malpert@rgrdlaw.com
itull@rgrdlaw.com

Lead Counsel for Plaintiffs

- 2 -

4873-6101-9828.v1