LATHAM & WATKINS LLP
   Michele D. Johnson (Bar No. 198298)
    *michele.johnson@lw.com*
   Ryan A. Walsh (Bar No. 294506)
    *ryan.walsh@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

   Heather A. Waller (*Pro Hac Vice*)
    *heather.waller@lw.com*
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: +1.312.876.7700
Facsimile: +1.312.993.9767

*Attorneys for Defendants*
*Beyond Meat, Inc., Ethan Walden Brown,*
*Mark J. Nelson, and Philip E. Hardin*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASKATCHEWAN HEALTHCARE EMPLOYEES' PENSION PLAN, and MARIO COLATO, <br><br> Plaintiffs, <br><br> v. <br><br> BEYOND MEAT, INC., et al., <br><br> Defendants. | Case No. 2:23-cv-03602-MWF-AGR <br><br> <u>CLASS ACTION</u> <br><br> **DEFENDANTS' OBJECTION AND RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** <br><br> Date:     April 22, 2024 <br> Time:    10:00 a.m. <br> Place:   Courtroom 5A <br><br> Hon. Michael W. Fitzgerald |

Defendants Beyond Meat, Inc., Ethan Walden Brown, Mark J. Nelson, and Philip E. Hardin (collectively, "Defendants") respectfully submit this Objection and Response to the Notice of Supplemental Authority, filed by Plaintiffs Saskatchewan Healthcare Employees' Pension Plan and Mario Angle Colato (collectively, "Plaintiffs") on April 5, 2024. *See* Pls.' Notice of Suppl. Authority, ECF 47 ("Notice").

As an initial matter, Defendants object to the Notice as improper under Local Rule 7-10, which requires Plaintiffs to seek leave from the Court before filing their Notice. C.D. Cal. L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply."). Plaintiffs failed to seek leave from the Court, and thus the Court should decline to consider the Notice. *See Riot Games, Inc. v. Suga PTE, Ltd.*, 638 F. Supp. 3d 1102, 1111 n.1 (C.D. Cal. 2022) (Garnett, J.) (declining to consider notice of supplemental authority issued after defendants filed reply brief because noticing party did not seek leave from court).

Setting aside this threshold defect, Plaintiffs' Notice is flawed for the additional reason that it responds to an argument Defendants did not make. In the Notice, Plaintiffs quote portions of *In re Genius Brands Int'l, Inc. Sec. Litig.*, ___ F.4th ___, 2024 WL 1473942 (9th Cir. Apr. 5, 2024), addressing whether shareholder plaintiffs adequately alleged front-end price impact—*i.e.*, that "the price was higher than it would have been had the false statements not been made." *In re Genius Brands Int'l, Inc.* 2024 WL 1473942, at *8. But Defendants do not argue that Plaintiffs' loss-causation theory fails because Plaintiffs do not allege front-end price impact. Rather, Defendants' position is that Plaintiffs' loss-causation theory falls apart because none of the alleged corrective disclosures revealed any "truth" about any of the alleged misstatements or was otherwise inconsistent with those statements. Mot. at 33–46; Reply at 30–32; *see also Loos v. Immersion Corp.*, 762 F.3d 880, 887 (9th Cir. 2014) (Plaintiffs must "plausibly allege that the defendant's

fraud was '*revealed* to the market and *caused* the resulting losses.'" (emphasis in original)).

If the Court is inclined to consider *In re Genius Brands*, the Ninth Circuit's analysis on whether a purported corrective disclosure "revealed the fraud" behind a defendant's earlier misstatement is instructive. *In re Genius Brands*, 2024 WL 1473942, at *7. The Ninth Circuit held that, in order to establish that the market understood the revelation of fraud, the revelation must contain enough information to "significantly undermine" the allegedly fraudulent misrepresentation. *Id.* (quoting *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1058 (9th Cir. 2008)). On that basis, the court found that a report detailing the company's decision to develop a new television show with an investor did not "correct" the company's prior statement that the prospective investor would *invest* in the company because the two statements were "not mutually exclusive." *Id.* Likewise, here, none of the alleged disclosures "significantly undermine[d]" any of Defendants' previous statements about Beyond Meat's relationships with QSRs, product tests, or investments—and thus none suffices to establish loss causation. *See id.*; Mot. at 34; Reply at 30–32.

Dated: April 10, 2024

Respectfully submitted,

LATHAM & WATKINS LLP
Michele D. Johnson
Heather A. Waller
Ryan A. Walsh


By: */s/ Michele D. Johnson*
Michele D. Johnson

*Attorneys for Defendants
Beyond Meat, Inc., Ethan Walden
Brown, Mark J. Nelson, and Philip E.
Hardin*

3