ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ (147029)
LAURIE L. LARGENT (153493)
MATTHEW I. ALPERT (238024)
JOSEPH J. TULL (339956)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
malpert@rgrdlaw.com
jtull@rgrdlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SASKATCHEWAN HEALTHCARE EMPLOYEES' PENSION PLAN, and MARIO COLATO, <br><br> Plaintiffs, <br><br> vs. <br><br> BEYOND MEAT, INC., et al., <br><br> Defendants. | Case No. 2:23-CV-03602-MWF(AGRx) <br><br> <u>CLASS ACTION</u> <br><br> PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS <br><br> DATE:     April 22, 2024 <br> TIME:     10:00 a.m. <br> CTRM:    5A <br> JUDGE:   Hon. Michael W. Fitzgerald |

4892-3378-1965.v1

Lead Plaintiff Saskatchewan Healthcare Employees' Pension Plan and additional named plaintiff Mario Angle Colato (collectively, "Plaintiffs") respectfully submit this Notice of Supplemental Authority to apprise the Court of a decision by the Honorable Gonzalo P. Curiel of the United States District Court for the Southern District of California in *Salzman v. ImmunityBio, Inc.*, 2024 WL 3100274 (S.D. Cal. June 20, 2024), attached hereto as Exhibit A, and in further support of Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss. *See* ECF 44 at 5-12, 20-22. Specifically, Plaintiffs direct the Court's attention to Judge Curiel's discussion and analysis of a defendant's duty to disclose, puffery, and scienter. *See, e.g.*, Ex. A. at *5 ("Dismissal at this stage is warranted only if the adequacy of the disclosure 'is so obvious that reasonable minds [could] not differ.' This is a high threshold, and Defendants do not meet it.");[1] *id.* at *7 ("Defendants argue that the statements are too broad to be assigned any meaning. But the fact that ImmunityBio stated that it had established GMP manufacturing capacity 'at scale,' does not demonstrate the statement's ambiguity; it demonstrates breadth. ***And a company's decision to boast sweepingly does not operate to truncate its duty to disclose. Rather, it extends it***."); *id.* at *8 ("Plaintiff's complaint is merely that Defendants did not disclose ***any*** of the known and serious manufacturing problems it was actively working to fix, ***while simultaneously boasting about its manufacturing capabilities***.") (emphasis in original and added).[2] As to the issue of puffery, the court held:

> Here, statements about the CMO responsible for manufacturing the active ingredient in the company's lead product candidate were "coupled

---

[1] All emphasis is added and citations are omitted unless otherwise noted.

[2] *See also id.* at *9 ("Here, Plaintiff's complaint is not that Defendants downplayed or mischaracterized certain negative news, but that ***Defendants never disclosed any negative news relating to their manufacturing capacity***. Under these circumstances, ***the Court concludes that the potential correctability of severe and persistent manufacturing deficiencies did not make statements which boasted of present manufacturing compliance any less misleading***.") (emphasis in original and added).

- 1 -

with, and served to emphasize" Defendants' other representations about *the strength of their manufacturing capacity*, including their claim that GMP *manufacturing capacity had been established at scale* and that Defendants had contracted with a multi-national biologics manufacturer with multiple cGMP-compliant facilities. ***The Court concludes that these statements, when read in context, are more than mere puffery*** and that ***a reasonable investor certainly could have read these statements together to suggest that AGC was not experiencing cGMP difficulties in its manufacture*** of Anktiva. *Id.* at \*7.

Judge Curiel also analyzed (and ruled in favor of plaintiff) defendants' argument that "the absence of stock sales undermines an inference of scienter." *Id.* at \*12.

This notice is proper as it "contains no improper supplemental argument, and only notifies the Court of other relevant authority." *Bowen v. Energizer Holdings, Inc.*, 2022 WL 18142508, at \*3 (C.D. Cal. Aug. 29, 2022) (Fitzgerald, J.).

DATED: June 28, 2024

ROBBINS GELLER RUDMAN
 & DOWD LLP
SPENCER A. BURKHOLZ
LAURIE L. LARGENT
MATTHEW I. ALPERT
JOSEPH J. TULL

s/ MATTHEW I. ALPERT
MATTHEW I. ALPERT

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
malpert@rgrdlaw.com
itull@rgrdlaw.com

Lead Counsel for Plaintiffs

- 2 -

4892-3378-1965.v1