Case 2:23-cv-03602-MWF-AGR Document 55 Filed 07/03/24 Page 1 of 5 Page ID #:852

LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
   *michele.johnson@lw.com*
  Ryan A. Walsh (Bar No. 294506)
   *ryan.walsh@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

  Heather A. Waller (*Pro Hac Vice*)
   *heather.waller@lw.com*
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: +1.312.876.7700
Facsimile: +1.312.993.9767

*Attorneys for Defendants*
*Beyond Meat, Inc., Ethan Walden Brown,*
*Mark J. Nelson, and Philip E. Hardin*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASKATCHEWAN HEALTHCARE EMPLOYEES' PENSION PLAN, and MARIO COLATO,<br><br>        Plaintiffs,<br><br>   v.<br><br>BEYOND MEAT, INC., et al.,<br><br>        Defendants. | Case No. 2:23-cv-03602-MWF-AGR<br><br><u>CLASS ACTION</u><br><br>**DEFENDANTS' OBJECTION AND RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date:      April 22, 2024<br>Time:    10:00 a.m.<br>Place:   Courtroom 5A<br><br>Hon. Michael W. Fitzgerald |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

Case No. 2:23-cv-03602-MWF-AGR
DEFS.' OBJECTION AND RESPONSE TO
PLAINTIFFS' NOTICE OF SUPP. AUTHORITY

Defendants respectfully submit this Objection and Response to Plaintiffs' Notice of Supplemental Authority, ECF 54.  By quoting from and directing the Court's attention to certain portions of *Salzman v. ImmunityBio, Inc.*, 2024 WL 3100274 (S.D. Cal. June 20, 2024) "in further support of [their] Opposition to Defendants' Motion to Dismiss," ECF 54 at 1, the Notice does not merely bring the decision to the Court's attention, and thus appears to be an improper supplemental brief.  *See* L.R. 7-10 (precluding "opposing party" from filing response to reply "[a]bsent prior written order of the Court").  In any case, to the extent the Court considers the Notice, Defendants respectfully request the Court also consider their Response explaining why Plaintiffs' incomplete recitation of *ImmunityBio* does not change that Plaintiffs' claims should be dismissed in full.[1]

**Duty to Disclose**.  Unlike here, the *ImmunityBio* plaintiffs alleged particularized facts showing that the company "was actively working to fix" "severe and persistent" manufacturing problems at the time defendants "boast[ed] about [the company's] manufacturing capabilities." *Id.* at *8.  There, the plaintiffs specifically alleged that defendants knew that the company's manufacturing processes did not comply with the FDA's established good manufacturing processes ("GMP")—*i.e.*, the "FDA's minimum standards for drug manufacturing"—because both the drug manufacturer and FDA alerted defendants to deficiencies on multiple occasions. *Id.* at *1, 3.  For example, the FDA cited ImmunityBio for manufacturing deficiencies the same month the company reported that it had attained current GMP ("cGMP"); and, one month before defendants touted the company's "robust" quality oversight, the FDA told the company that its manufacturing processes were so flawed that quality oversight *must have* "failed at multiple steps in the process." *Id.* at *2–3.  The defendants' failure to disclose "*any* of the[se] known and serious manufacturing

---

[1] Unless otherwise noted, abbreviations and capitalized terms have the same meaning as in the Memorandum of Law in Support of Defendants' Motion to Dismiss, ECF No. 42-1 ("Mot."), and Reply in support thereof, ECF No. 45.

2

problems" rendered their "statements about established compliance and robust quality oversight[] misleading." *Id.*

By contrast, Plaintiffs do not allege that Defendants knew (or had any duty to disclose) any specific contemporaneous facts that rendered their statements false or misleading. *See* Mot. at 16–20 (hindsight allegations cannot establish falsity); Reply at 12–15. The multiple FDA alerts of severe manufacturing flaws in *ImmunityBio* are nothing like, for example, the single alleged instance of "wood fragments from a pallet"—a business problem that Plaintiffs' own allegations acknowledge was addressed, Compl. ¶¶ 30, 151. Moreover, unlike the unequivocal statements upheld in *ImmunityBio*, such as statements that the company "*had established* GMP manufacturing 'at scale,'" 2024 WL 3100274, at *7 (emphasis added), the challenged statements here are not so "sweeping[.]" Rather, ImmunityBio's non-actionable statements about having adopted a "strategy" of establishing GMP at scale or "optimizing investments in manufacturing capabilities" are more akin to those challenged here. *Compare id.*, *with* App. A, Mot. ("significant investments in operations capabilities and infrastructure"; "continuing to drive the integration of our production process"; "continuing to optimize commercial production").

***Puffery.*** In *ImmunityBio*, the court permitted the plaintiffs' challenge to statements regarding the company's "robust process development" and "quality oversight" to proceed in light of defendants' "other representations about the strength of ImmunityBio's manufacturing capacity" and the substantial cGMP deficiencies impacting the company's manufacturing processes. 2024 WL 3100274, at *7. The court reasoned that these statements, "when read in context, are more than mere puffery and that a reasonable investor certainly could have read these statements together to suggest that [the manufacturer] was not experiencing cGMP difficulties," when in fact the opposite was true. *Id.*; *see also supra.*

Here, Beyond Meat's challenged statements are more vague (e.g., "good" product tests), and Plaintiffs do not allege particularized facts that contradict the

3

challenged statements at the time made—whether taken alone or in context with other statements.  Mot. at 16–20; Reply at 17–18 (distinguishing cases similar to *ImmunityBio* cited by Plaintiffs).

*Scienter.*  Finally, Plaintiffs highlight the *ImmunityBio* analysis discussing "defendants' argument that 'the absence of stock sales undermines an inference of scienter.'"  Notice at 2.  But Defendants here do not argue that the lack of trading forecloses a finding of scienter; rather, Brown's lack of stock sales strongly undercuts Plaintiffs' tenuous scienter arguments.  Reply at 26–27; Mot. at 26, 31.

In *ImmunityBio*, plaintiffs pled particularized facts showing that management held monthly meetings with the manufacturer, were extensively involved in a mock inspection of the facilities, attended a pre-license inspection for the next several days, and requested *daily debriefs* of the inspection.  2024 WL 3100274, at *2–3, 12.  The allegations included that "Defendants were repeatedly informed by FDA inspectors of severe deficiencies in [drug] manufacturing process[es]"; Defendants confirmed the deficiencies "for themselves through the Quality Agreement" with their manufacturer, "their own inspection of the [manufacturer's] facilities," and "their review of [the manufacturer's] compliance documentation"; and the company "actively labored to fix these issues, but continued to convey to the public that it was not experiencing GMP difficulties [and] that it had in fact established GMP manufacturing capacity at scale."  *Id*.  Such specific allegations are not present here.  *See* Mot. at 25–28; Reply at 21–27.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

Case No. 2:23-cv-03602-MWF-AGR
DEFS.' OBJECTION AND RESPONSE TO
PLAINTIFFS' NOTICE OF SUPP. AUTHORITY

Dated: July 3, 2024

Respectfully submitted,

LATHAM & WATKINS LLP
Michele D. Johnson
Heather A. Waller
Ryan A. Walsh


By: */s/ Michele D. Johnson*
Michele D. Johnson

*Attorneys for Defendants*
*Beyond Meat, Inc., Ethan Walden*
*Brown, Mark J. Nelson, and Philip E.*
*Hardin*

5