LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
    *michele.johnson@lw.com*
  Ryan A. Walsh (Bar No. 294506)
    *ryan.walsh@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

  Heather A. Waller (*Pro Hac Vice*)
    *heather.waller@lw.com*
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: +1.312.876.7700
Facsimile: +1.312.993.9767

*Attorneys for Defendants*
*Beyond Meat, Inc., and Ethan Walden Brown*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASKATCHEWAN HEALTHCARE EMPLOYEES' PENSION PLAN, and MARIO COLATO, | Case No. 2:23-cv-03602-MWF-AGR |
| | CLASS ACTION |
| Plaintiffs, | **REQUEST FOR JUDICIAL NOTICE AND INCORPORATION OF DOCUMENTS BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS** |
| v. | |
| BEYOND MEAT, INC., et al., | |
| Defendants. | |
| | Date:       November 25, 2024 |
| | Time:       10:00 a.m. |
| | Place:       Courtroom 5A |
| | Hon. Michael W. Fitzgerald |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

Case No. 2:23-cv-03602-MWF-AGR
REQUEST FOR JUDICIAL NOTICE ISO DEFS.' MOT. TO
DISMISS AM. CONSOL. CLASS ACTION COMPLAINT

Pursuant to Federal Rule of Evidence 201 and the incorporation by reference doctrine, Defendants Beyond Meat, Inc. ("Beyond") and Ethan Walden Brown (together, "Defendants"), respectfully request that the Court consider Exhibits 1–5 to the Declaration of Heather Waller in Support of Defendants' Motion to Dismiss ("Exhibits" or "Exs."), filed concurrently herewith, as incorporated by reference into Plaintiffs' First Amended Complaint ("Amended Complaint" or "AC"), and take judicial notice of Exhibits 6–11.

## I.    LEGAL STANDARD

When resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also* Aug. 9, 2024 Order ("Order"), Dkt. 56 at 13–14. Indeed, in dismissing Plaintiffs' prior complaint, this Court concluded that the same or similar transcripts of earnings calls and SEC filings were either incorporated by reference or appropriate for judicial notice. *See* Order at 13–14.

A document is incorporated by reference in a pleading if the plaintiffs "refer[] extensively" to the documents or if the document "forms the basis" of plaintiffs' claims. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Documents that are incorporated by reference in a complaint may be considered "as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Given that courts must view each challenged statement in the *full context* in which it was made, *In re Eventbrite, Inc. Securities Litigation*, No. 18-2019, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020), the incorporation-by-reference doctrine precludes Plaintiffs from "selecting only portions of documents that support their claims, while omitting portions of those very documents that

2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

Case No. 2:23-cv-03602-MWF-AGR
REQUEST FOR JUDICIAL NOTICE ISO DEFS.' MOT. TO
DISMISS AM. CONSOL. CLASS ACTION COMPLAINT

weaken—or doom—their claims," *Khoja*, 899 F.3d at 1002; *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (plaintiff cannot survive motion to dismiss by "omitting references to documents upon which their claims are based"), *superseded by statute on other grounds*, *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).  A document incorporated by reference is considered "part of the complaint," and the Court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted).

Federal Rule of Evidence 201 governs judicial notice. The Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The Court "(1) may take judicial notice on its own; or (2) ***must take*** judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid 201(c) (emphasis added).

## II.   ARGUMENT

### A.   Exhibits 1–5 Are Incorporated by Reference Into the Amended Complaint

To plead a claim for securities fraud, Plaintiffs must allege that Defendants made (1) a material misrepresentation or omission of fact, (2) with scienter, and (3) that caused Plaintiffs' economic losses. *In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012).

Plaintiffs challenge fourteen alleged misstatements in press releases, conference calls, and reports filed with the SEC during the purported Class Period. *See* AC, Ex. A (listing challenged statements and sources).  The documents containing the fourteen challenged statements "form[] the basis" of Plaintiffs' claims and neither party questions their accuracy or authenticity.  *See Khoja*, 899 F.3d at 1004–05.  Under the incorporation-by-reference doctrine, the Court may consider

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW

Case No. 2:23-cv-03602-MWF-AGR
REQUEST FOR JUDICIAL NOTICE ISO DEFS.' MOT. TO
DISMISS AM. CONSOL. CLASS ACTION COMPLAINT

all of these documents when evaluating Defendants' motion to dismiss. *See, e.g.*, *In re Am. Apparel S'holder Litig.*, 855 F. Supp. 2d 1043, 1061–63 (C.D. Cal. 2012); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023 (C.D. Cal. 2008) (finding incorporation by reference where "[a]ll . . . items were either referenced or quoted in the" operative complaint). The Court should consider the full content of Exhibits 1–5 and the context of each of the statements Plaintiffs challenge as false or misleading. *See, e.g.*, *Khoja*, 899 F.3d at 1002; *In re Eventbrite*, 2020 WL 2042078, at *7. Indeed, the Court judicially noticed similar exhibits as incorporated by reference in its Order. Order at 14.

On these grounds, Defendants request that the Court consider **Exhibits 1–5** as incorporated by reference into the Amended Complaint:

| Exhibit No. | Relevant Allegations |
|---|---|
| **Exhibit 1**: Transcript of Beyond's February 25, 2021 Earnings Conference Call | AC ¶¶ 64–67(c) |
| **Exhibit 2**: Transcript of Beyond's May 6, 2021 Earnings Conference Call | AC ¶¶ 68–72 |
| **Exhibit 3**: Transcript of Beyond's August 5, 2021 Earnings Conference Call | AC ¶¶ 73–75 |
| **Exhibit 4**: Beyond's November 10, 2021 Press Release | AC ¶ 144 |
| **Exhibit 5**: Transcript of Beyond's February 24, 2022 Earnings Conference Call | AC ¶¶ 110–114 |

**B.     Exhibits 1–11 Are Public Records Properly Subject to Judicial Notice**

As the Court similarly did in its prior Order, *see* Order at 14 (taking judicial notice of earnings call transcripts and SEC filings), the Court may also take judicial notice of **Exhibits 1–11** because they are matters of public record that "can be

4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

Case No. 2:23-cv-03602-MWF-AGR
REQUEST FOR JUDICIAL NOTICE ISO DEFS.' MOT. TO
DISMISS AM. CONSOL. CLASS ACTION COMPLAINT

accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b); *Khoja*, 899 F.3d at 999. When resolving motions to dismiss, courts also routinely take judicial notice of SEC filings, analyst reports, and conference call transcripts not for the truth of their contents, but to determine the information available to the market. *See, e.g.*, *Am. Apparel*, 855 F. Supp. 2d at 1062 n.143.

Exhibits 1–3, 5, and 11 are transcripts of Beyond's earnings conference calls published by S&P Global, and Exhibit 4 is a press release published by Beyond. All of these documents are "undisputed matters of public record" that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *E.g.*, Fed. R. Evid. 201; *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012) (emphasis removed). For that reason, courts routinely take judicial notice of conference call transcripts when considering motions to dismiss, as this Court did in its initial Order. Order at 14; *see also Primo v. Pac. Biosciences of Cal., Inc.*, 940 F. Supp. 2d 1105, 1115 n.1 (N.D. Cal. 2013) (taking judicial notice of call transcripts because they are "capable of immediate determination by resort to accurate sources and not subject to reasonable dispute"); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979–80 (N.D. Cal. 2010) (taking judicial notice of transcripts of conference calls with analysts); *In re Impac Mortg. Holdings, Inc. Sec. Litig.*, 554 F. Supp. 2d 1083, 1088 n.3 (C.D. Cal. 2008) (taking judicial notice of conference call transcripts that "reflect matters that are generally known" and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

The same is true for Exhibits 6–10, which are Beyond's annual reports and quarterly reports, which also were filed publicly with the SEC. The Court previously took judicial notice of these reports. Order at 14. Courts routinely take judicial notice of public SEC filings in connection with motions to dismiss in securities class action cases. *See Metzler Inv. GMBH v. Corinthian Colls. Inc.*, 540 F.3d 1049, 1064

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

Case No. 2:23-cv-03602-MWF-AGR
REQUEST FOR JUDICIAL NOTICE ISO DEFS.' MOT. TO
DISMISS AM. CONSOL. CLASS ACTION COMPLAINT

n.7 (9th Cir. 2008) (proper to take judicial notice of SEC filings on a motion to dismiss); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 901–02 (C.D. Cal. 2011) (courts are generally permitted "to judicially notice SEC filings"); *Am. Apparel*, 855 F. Supp. 2d at 1062, n.143; *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157 (C.D. Cal. 2007).

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court consider Exhibits 1–5 as incorporated by reference into Plaintiffs' Amended Complaint and take judicial notice of Exhibits 6–11, all of which are filed contemporaneously with the Declaration of Heather Waller.

Dated:  September 30, 2024

Respectfully submitted,

LATHAM & WATKINS LLP
Michele D. Johnson
Heather A. Waller
Ryan A. Walsh

By: */s/ Michele D. Johnson*
Michele D. Johnson
Attorneys for Defendants
Beyond Meat, Inc. and Ethan Walden Brown

6

LATHAM&WATKINS LLP
ATTORNEYS AT LAW