ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ (147029)
LAURIE L. LARGENT (153493)
MATTHEW I. ALPERT (238024)
JOSEPH J. TULL (339956)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
malpert@rgrdlaw.com
jtull@rgrdlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SASKATCHEWAN HEALTHCARE EMPLOYEES' PENSION PLAN, and MARIO COLATO, <br><br> Plaintiffs, <br><br> vs. <br><br> BEYOND MEAT, INC., et al., <br><br> Defendants. | Case No. 2:23-CV-03602-MWF(AGRx) <br><br> <u>CLASS ACTION</u> <br><br> PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS <br><br> DATE: November 25, 2024 <br> TIME: 10:00 a.m. <br> CTRM: 5A <br> JUDGE: Hon. Michael W. Fitzgerald |

4921-8655-0798.v1

Lead Plaintiff Saskatchewan Healthcare Employees' Pension Plan and additional named plaintiff Mario Angle Colato (collectively, "Plaintiffs") respectfully submit this Notice of Supplemental Authority to bring to the Court's attention a recent and relevant decision by the United States Court of Appeals for the Ninth Circuit.

Attached as Exhibit A is a true and correct copy of the Ninth Circuit's December 20, 2024 decision in *Okla. Firefighters Pension & Ret. Sys. v. Snap Inc.*, 2024 WL 5182634 (9th Cir. Dec. 20, 2024).  In *Snap*, the Ninth Circuit reversed the district court's dismissal of a complaint alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5, holding that scienter was adequately pled.

The Ninth Circuit found scienter was sufficiently alleged under the core-operations theory's "'actual access'" and "'absurdity'" tests.  *Snap*, 2024 WL 5182634, at *2 ("The TAC's allegations that [individual defendant], as head of global advertising, regularly met with key advertisers, was focused on DR [or direct response] advertising, and spoke to investors about the DR business every quarter sufficiently meets [the actual access] pleading standard."); *id.* at *3 ("Given the TAC's allegations that the ATT transition threatened more than half of Snap's revenue, [the individual defendant's] responsibility for DR advertising, and in view of all the other allegations in the TAC, the TAC sufficiently pleads facts indicating that it would be absurd to suggest [the individual defendant] did not know that advertisers representing a majority of DR revenue had not implemented SKAN, let alone done so successfully.").  The Ninth Circuit also rejected Snap's "competing inference that Gorman made an optimistic prediction that did not pan out" because the "[individual defendant's] statement that certain advertisers 'have successfully implemented' SKAN is not a forward-looking prediction."  *Id.* at *2.

- 1 -

4921-8655-0798.v1

DATED:  January 16, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
LAURIE L. LARGENT
MATTHEW I. ALPERT
JOSEPH J. TULL


                s/ LAURIE L. LARGENT
                LAURIE L. LARGENT

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
malpert@rgrdlaw.com
itull@rgrdlaw.com

Lead Counsel for Plaintiffs

- 2 -

4921-8655-0798.v1