LATHAM & WATKINS LLP
   Michele D. Johnson (Bar No. 198298)
     *michele.johnson@lw.com*
   Ryan A. Walsh (Bar No. 294506)
     *ryan.walsh@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone:  +1.714.540.1235
Facsimile:  +1.714.755.8290

   Heather A. Waller (*Pro Hac Vice*)
     *heather.waller@lw.com*
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone:  +1.312.876.7700
Facsimile:  +1.312.993.9767

*Attorneys for Defendants*
*Beyond Meat, Inc. and Ethan Walden Brown*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASKATCHEWAN HEALTHCARE EMPLOYEES' PENSION PLAN, and MARIO COLATO, | Case No. 2:23-cv-03602-MWF-AGR |
| | CLASS ACTION |
| Plaintiffs, | **DEFENDANTS' OBJECTION AND RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |
| v. | |
| BEYOND MEAT, INC., et al., | Date:         November 25, 2024 |
| Defendants. | Time:         10:00 a.m. |
| | Place:         Courtroom 5A |
| | Hon. Michael W. Fitzgerald |

Defendants Beyond Meat, Inc. and Ethan Walden Brown (together, "Defendants") respectfully submit this Objection and Response to Plaintiffs' Notice of Supplemental Authority, ECF No. 70 ("Notice"). Plaintiffs' Notice, which quotes from and directs the Court's attention to certain portions of an unpublished and therefore non-precedential decision, *Oklahoma Firefighters Pension & Retirement System v. Snap Inc.*, 2024 WL 5182634 (9th Cir. Dec. 20, 2024), violates Local Rule 7-10. Local Rule 7-10 prohibits the filing of a response to a reply absent leave of Court. Yet, the Notice is the *third* time Plaintiffs have submitted a notice of supplemental authority without seeking leave of Court. *See* ECF Nos. 47, 54. If the Court is inclined to consider the Notice, Defendants respectfully request that the Court consider the following response as well.

*Snap*, 2024 WL 5182634, is inapposite and does not change that Plaintiffs' First Amended Complaint should be dismissed with prejudice. In *Snap*, the company's chief business officer stated that certain advertisers "successfully implemented" a new advertising framework. *Id.* at *1. Relying on confidential-witness allegations from an account strategist and a data scientist "tasked with revenue forecasting for Snap," the plaintiffs alleged that at the time of the officer's statement, Snap's advertisers had not begun to implement the framework, let alone "successfully." *Id.* at *2. The plaintiffs further alleged the officer knew of the contrary facts, citing "small six-to-seven person pre-earnings release meetings during which [the chief business officer] expressed her concerns," and regular communications between the officer and "key advertisers and sales representatives." *Id.* These allegations, coupled with the alleged fact that the advertisers' implementation of the new framework implicated "more than half of Snap's revenue," were sufficient to allege the officer's scienter under the "core-operations" theory's "actual access" and "absurdity" tests. *Id.* at *2–3.

This holding does not save Plaintiffs' "core operations" theory of scienter. First, as to "actual access," the First Amended Complaint contains no corroborating

2

contemporaneous documents, confidential-witness allegations, or particularized allegations that Mr. Brown expressed any concerns about the allegedly eroding margin profiles for the Company's new QSR products prior to the alleged misstatements. *See* ECF No. 60-1, at 15.

Second, as to the "absurdity" test, Plaintiffs do not allege that managing gross margins of individual new QSR product lines was a core operation. *See* ECF No. 64, at 15. In contrast, the plaintiffs in *Snap* alleged with particularity that the change in advertising framework implicated a "majority" of total revenue. *Snap*, 2024 WL 5182634, at *2. Nor do Plaintiffs allege that Mr. Brown had direct responsibility over the minutiae of the Company's manufacturing and product development processes. *See* ECF No. 64, at 16.

Dated: January 22, 2025

Respectfully submitted,

LATHAM & WATKINS LLP
Michele D. Johnson
Heather A. Waller
Ryan A. Walsh

By:  */s/ Michele D. Johnson*
Michele D. Johnson

*Attorneys for Defendants*
*Beyond Meat, Inc. and Ethan Walden*
*Brown*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW